## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

HÉCTOR LUIS ÁVILA-RODRÍGUEZ,

**Petitioner,**

v.

UNITED STATES OF AMERICA,

**Respondent.**

**Civil No.** 18-1872 (FAB)

related to

**Criminal No.** 15-442 (FAB)

## OPINION AND ORDER

**BESOSA, Senior District Judge.**

Before the Court is Héctor Luis Ávila-Rodríguez's ("Petitioner" or "Ávila-Rodríguez") *pro se* motion to vacate, set aside, or correct his sentence in Criminal Case No. 15-442, pursuant to Title 28, United Sates Code, section 2255 ("section 2255"), (Civil Docket No. 1); Petitioner's Memorandum in Support (Civil Docket No. 1-1); the Government's Response (Civil Docket No. 22); and Petitioner's Reply (Civil Docket No. 25.)  For the reasons set forth below, the Court dismisses with prejudice Petitioner's motion to vacate his sentence (Civil Docket No. 1.)

## I.   BACKGROUND

On September 2, 2015, Ávila-Rodríguez was charged in a seven-count Second Superseding Indictment.[1]   Count One charged Ávila-Rodríguez with being a convicted felon in possession of a firearm, in violation of Title 18, United States Code, sections 922(g)(1) and 924(a)(2).[2]   Count Three charged Ávila-Rodríguez with possession of a firearm in furtherance of a drug trafficking offense in violation of Title 18, United States Code, sections 924(c)(1)(A).   Count Four charged Petitioner with possession with intent to distribute crack cocaine, in violation of Title 21, United States Code, sections 841(a)(1).   Count Five charged Ávila-Rodríguez with possession with intent to distribute cocaine, in violation of Title 21, United States Code, sections 841(a)(1).   Count Six charged Petitioner with possession with intent to distribute marihuana, in violation of Title 21, United States Code, section 841(a)(1), (b)(1).   Count Seven charged Ávila-Rodríguez with possession of a machinegun in furtherance of a drug

---

[1] Ávila-Rodríguez was charged in counts one, three, four, five, six and seven; a separate individual was charged in count two.  (Criminal Docket No. 29).

[2] Petitioner was charged with being in possession of a Glock pistol, model 17, 9 mm caliber, with an obliterated serial number, a loaded magazine containing seventeen (17) rounds of 9mm ammunition to include one (1) in the chamber and one (1) high-capacity magazine loaded with thirty (30) rounds of 9mm ammunition. (Criminal Docket No. 29.)

trafficking crime,[3] in violation of Title 18, <u>United States Code</u>, section 924(c)(1)(B)(ii).  (Criminal Docket No. 29)

On September 21, 2015, the Court scheduled a Change of Plea Hearing pursuant to a motion for change of plea filed by Petitioner's counsel.  Once at the hearing, however, Ávila-Rodríguez withdrew his request for change of plea, rejected the government's plea offer, and chose to go to trial.  (Criminal Docket No. 63)

On September 21, 2015, Petitioner's counsel filed a Motion to Vacate Jury Trial and Motion to Suppress as to the items obtained in apartment 522 building 27 Nemesio Canales public housing project.  (Criminal Docket No. 65)

On September 22, 2015, the first day of jury trial was held. The jury *voir dire* was held, the jury was impaneled and sworn in; and preliminary instructions were given by the Court.  (Criminal Docket No. 71)  Ávila-Rodríguez then decided to change his plea.

On September 22, 2015 in the afternoon, Petitioner's Change of Plea Hearing was held.  Ávila-Rodríguez pled guilty to all the

---

[3] Petitioner was charged with being in possession of a rifle frame and a fully automatic Glock Pistol, Model 17, 9mm caliber, with an obliterated serial number, which had been modified to shoot more than one round of ammunition without manual reloading by the single function trigger, loaded with a magazine containing seventeen (17) rounds of 9mm ammunition including one (1) in the chamber, and one (1) high capacity magazine loaded with thirty (30) rounds of 9mm ammunition.  (Criminal Docket No. 29.)

counts in which he was charged in the Second Superseding Indictment, except for Count 7. (Criminal Docket No. 73)

On September 23, 2015, in open Court, the parties filed a Plea Agreement in which they informed the Court that they had reached an agreement that in exchange for Ávila-Rodríguez's agreement to plea to all counts except Count 7 and a sentence of no less than eighteen (18) years at the time of sentencing, the government would agree to dismiss count seven of the Second Superseding Indictment. The government remained free to request any sentence including life imprisonment. (Criminal Docket No. 78)

On January 4, 2016, Ávila-Rodríguez filed a *pro se* motion again requesting to withdraw his plea of guilty. (Criminal Docket No. 101)

On January 21, 2016, in compliance with the Court's order the government filed its opposition to Petitioner's motion to withdraw his guilty plea. (Criminal Docket No. 109)

Petitioner's Sentencing Hearing was scheduled to be held on January 22, 2016. It was not held; instead, the Court asked Ávila-Rodríguez about his *pro se* motion to withdraw his guilty plea and his unsatisfaction with his counsel. The Court heard Petitioner's argument and reviewed the transcript of the Change of Plea Hearing. The Court ruled that at the Change of Plea Hearing Petitioner had

expressed his satisfaction with counsel, and that he had pled
guilty voluntarily.   Petitioner's *pro se* motion was denied.
(Criminal Docket No. 110)

On February 2, 2016, Ávila-Rodríguez filed two more *pro se*
motions.  The first was a motion requesting that the court provide
him an effective assistance of counsel.[4] (Criminal Docket No. 120)
The second motion was a motion requesting that the Court allow him
to withdraw his guilty plea.[5]  (Criminal Docket No. 122)

On February 4, 2016, the Court denied both *pro se* motions.
(Criminal Docket Nos. 123 and 124)

On February 29, 2016, Ávila-Rodríguez filed yet another
motion to withdraw his guilty plea.  (Criminal Docket No. 140)  On
March 1, 2016, the Court denied it.  (Criminal Docket No. 141)

On March 10, 2016, Petitioner's sentencing hearing was held.
After extensive arguments from both Petitioner's counsel and the
government, the Court determined that Ávila-Rodríguez would be
sentenced as a career offender.[6]  The Court sentenced Petitioner

---

[4] The motion is hand-written in two different types of handwriting.  There is a
fill in the blank where Petitioner's name is written in a different handwriting
than that of the body of the motion.  (Criminal Docket No. 120.)

[5] The motion is also handwritten in two different types of handwriting.  Each
space where Petitioner's name is stated there is a fill in the blank where, in
a different handwriting Ávila-Rodríguez's name is written.   In one of the
instances his name is written incorrectly as Héctor Dávila. (Criminal Docket
No. 122.)

[6] The parties had previously filed opposing briefs on whether Ávila-Rodríguez
was a career offender.

to a term of imprisonment of one hundred twenty (120) months as to
Counts One (1), four (4) and five (5); a term of imprisonment of
sixty (60) months as to Count Six (6) to be served concurrently
with each Counts One (1), four (4) and five (5), other and a term
of imprisonment of two hundred forty (240) months as to Count Three
(3) to be served consecutively with Counts One (1), Four (4) and
Five (5), for a total term of imprisonment of three hundred sixty
(360) months.  A term of supervised release was imposed, as well
as the forfeiture of the rifle frame with the Glock pistol Model
17 and the ammunition.  Upon request from the government, Count
Seven (7) was dismissed.  (Criminal Docket No. 143)  Judgment was
entered on the same day.  (Criminal Docket No. 144)

On March 14, 2016, Petitioner filed a timely Notice of Appeal.
(Criminal Docket No. 145)

On May 31, 2016, Petitioner filed a *pro se* motion to reduce
his sentence pursuant to Johnson.  (Criminal Docket No. 152)

On October 13, 2017, The First Circuit Court of Appeals
affirmed the judgment of the district court.[7]  (Criminal Docket
No. 186)

---

[7] Ávila-Rodríguez argued his Johnson claim on appeal as well as a claim that
the district court abused its discretion in failing to award Petitioner a
reduction for acceptance of responsibility.  (Criminal Docket No. 186)

Ávila-Rodríguez signed and certified that he had placed in the prison mailing system his 2255 petition on October 11, 2018, making its filing timely.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack."  David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).  Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure."  Id.

A motion under § 2255 is not a substitute for a direct appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016).  As a result, "as a general rule, federal prisoners may not use a motion under 28

U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless the petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. Id., United States v. Frady, 456 U.S. 152, 167-68 (1982).

## III. DISCUSSION

In his 2255 petition, Ávila-Rodríguez makes the following allegations:

- The Court erred in sentencing Ávila-Rodríguez as a career offender.

- Ineffective assistance of counsel- Whether trial counsel was ineffective because she induced him to plead guilty.

- Ineffective assistance of counsel – Whether trial counsel was ineffective because of her failure to suppress the weapons and narcotics seized by the police.

- Ineffective assistance of counsel – Whether appellate counsel was ineffective because of her failure to properly research the applicable law.

- Petitioner further argues that he should have been given a minimal or minor role adjustment pursuant to Amendment 794.

- Petitioner requested an evidentiary hearing as well as discovery.

To establish ineffective assistance of counsel, a defendant must show that:

1.   His attorney's performance was deficient, and

2.   The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

To establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  This assessment, however, "must be a 'fairly tolerant' one because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or successful defense.'" Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994).

A claim of ineffective assistance of counsel requires a court to first assess whether "counsel's representation 'fell below an objective standard of reasonableness.'" Padilla v. Kentucky, 130 S.Ct. 1473, 1482 (2010).  Petitioner was obligated to show both that counsel's performance fell below an objective standard of reasonableness, and that prejudice resulted from it, Strickland, 466 U.S. at 687, as to each particular instance in which he claims ineffective assistance of counsel.  See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990).  Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992).  The "range of reasonable professional assistance" is quite wide.  See Strickland, 466 U.S. at 689.  The Supreme Court has stated that "judicial scrutiny of counsel's

performance must be highly deferential." See Strickland, 466 U.S. at 689.

Under Strickland, Petitioner is required to identify acts or omissions by counsel outside the wide range of professional competent assistance and the harm the actions caused. Furthermore, "a defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010).

### A. Whether the Court erred in sentencing Ávila-Rodríguez as a career offender

Ávila-Rodríguez claims that the Court erred in sentencing him as a career offender, alleging that his prior state convictions for robbery and second-degree murder are not crimes of violence.

He claims that after the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015), the residual clause of United States Sentencing Guideline (U.S.S.G.) Sec. 4B1.2(a)(2) is unconstitutionally vague, and that his relevant predicate offenses therefore may only qualify as crimes of violence for purposes of the guidelines if they satisfy either the force clause or the enumerated offenses clause, as set forth in Sec. 4B1.2(2)(1) and (2). Ávila-Rodríguez claims that neither of his predicate offenses satisfies one of the two clauses.

This exact same argument was raised by Petitioner on appeal.  The Court of Appeals for the First Circuit had held that the Supreme Court in Beckles v. United States, 137 S.Ct. 886 (2017), concluded that the rule of Johnson does not extend to the guidelines' residual clause.  Thus "the Beckles holding obliterates the primary tenant of Ávila-Rodríguez's argument—that his predicate offenses must satisfy some portion of the definition of crime of violence other than the residual clause in order to qualify."  The court of appeals proceeded to affirm the district court's sentence, (Criminal Docket No. 186.)

It is well settled that issues decided on direct appeal may not be relitigated on collateral review.  "Issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. Section 2255 motion."  Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994); Elwell v. United States, 95 F.3d 1146 (1st Cir. 1996) (citing Davis v. United States, 471 U.S. 333, 342, 94 S.Ct. 2298, (1974) (holding that petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law").

Because Petitioner raised the argument on appeal and the court of appeals decided the issue on the merits, the claim may not be re-litigated on collateral review.  Accordingly, Ávila-

Rodríguez's first argument, that the district court erred when it determined that Petitioner was a career offender is **DENIED**.

**B.    Ineffective assistance of counsel – Weather trial counsel was ineffective because she induced Petitioner to plead guilty.**

Ávila-Rodríguez alleges that his counsel induced him to plead guilty; that he was unaware of the consequences of his guilty plea; and that if not for his counsel's ill advice he would not have pled guilty.

Ávila-Rodríguez did not raise this argument in his direct appeal; as such, it should be procedurally defaulted; "a non-constitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under Sec. 2255 absent exceptional circumstances." Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013).  A procedurally defaulted claim is usually barred from collateral review, unless the petitioner can show cause for the default and prejudice resulting from it, or if he can show that he is actually innocent of the offense. Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005).

"The burden is on the petitioner to demonstrate ineffective assistance of counsel by a preponderance of the evidence." Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). In the context of an attack on a plea agreement, the petitioner must demonstrate that "but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." Hill v.

Civil No. 18-1872 (FAB)                                                14

Lockhart, 474 U.S. 52, 59 (1985).   Aside from a self-serving

written statement submitted by Petitioner with his 2255 motion, he

has presented no additional evidence that his plea was in fact

involuntary.

         The plea colloquy addresses the core concerns of Rule 11

and is intended to ensure that a defendant who pleads guilty does

so after communicating an understanding of the nature of the

charges and the consequences of the plea to the Court.   See United

States v. Kenney, 756 F.3d 36,45 (1st Cir. 2014).   A guilty plea

must be set aside only in the event of a "total failure to address

one of Rule 11's core concerns or if the deficiencies on the

colloquy 'affect defendant's substantial rights.'"   United States

v. Cotal-Crespo, 47 F.3d 1, 5 (1st Cir. 1995).   In conducting an

examination into the Rule 11 procedure, "a district court's close

relationship to the plea process affords it a superior coign of

vantage."   United States v. Merritt, 755 F.3d 6, 9 (1st Cir. 2014).

Petitioner has failed in his endeavor.

         A review of the record and transcripts of the hearings

held before the Court clearly indicate that Ávila-Rodríguez pled

guilty knowingly, willingly, and voluntarily.

         Even at Petitioner's sentencing hearing, the Court

discussed that on the first day of trial, after the jury had been

impaneled, Petitioner addressed the Court and expressed his intent

to plead guilty to the Second Superseding Indictment.  The Court further validated that Ávila-Rodríguez knew what he was doing when he pled guilty.

> The Court:  Mr. Ávila, when you changed your plea at the hearing, you accepted responsibility for your actions under oath and answered all questions that I asked you.  You also indicated without hesitation that you were satisfied with your attorney.
>
> And let me tell you one thing, just because you are not paying for your attorney doesn't mean that your attorney isn't doing a good job.  I can tell you that the attorneys at the Federal Public Defenders Office are among the best attorneys on the island of Puerto Rico.  They are employees of the government, and they represent their client zealously, as I am sure that Ms. Irizarry has represented you.  (Transcript of Sentencing Hearing pp. 34-35, Criminal Docket No. 156.)

Petitioner's burden is to establish that his plea of guilty was involuntary and unintelligent, he has failed to do so, and his allegation of ineffective assistance of counsel because of counsel's alleged inducement to plead guilty is **DENIED**.

**C.    Ineffective assistance of counsel- Whether trial counsel was ineffective because of her failure to suppress the weapons and narcotics seized by the police.**

Ávila-Rodríguez also claimed that his trial counsel was ineffective because she failed to suppress the evidence of weapons and drugs seized by the police upon his arrest.

This second allegation of ineffective assistance of counsel is completely contradicted by the record.   The record clearly indicates that on September 21, 2015, Petitioner's counsel filed a Motion to Vacate Jury Trial and to Suppress Items in Apartment 522 building Nemesio Canales PHP, (Criminal Docket No. 65.)  The motion was never ruled upon because Ávila-Rodríguez, on the first day of trial, withdrew the motion and expressed his desire to plead guilty to the Second Superseding Indictment.

Having failed to establish the veracity of Petitioner's claim that his counsel failed to move to suppress evidence, his claim of ineffective assistance of counsel on this issue is **DENIED**.

**D.    Ineffective assistance of counsel- Whether appellate counsel was ineffective because of her failure to properly research the applicable law.**

Ávila-Rodríguez alleges that his appellate counsel was ineffective because she did not properly investigate the applicable law, and did not argue that his previous state conviction for robbery is not a crime of violence.

First, the record reflects that appellate counsel did argue and brief the court of appeals that Petitioner was not a career offender, but Ávila-Rodríguez's career offender classification was affirmed by the court of appeals.  See Beckles v. United States, 137 S.Ct. 886 (2017).  The fact that counsel did not prevail in her argument is not sufficient grounds for a valid claim of ineffective assistance of counsel.

A claim of ineffective assistance of appellate counsel is also measured under the Strickland standard.  Evitts v. Lucey, 469 U.S. 387, 390-94, 105 S.Ct. 830, 83 (1985).  Appellate counsel is not required to raise every non-frivolous claim, but rather select among them to maximize the likelihood of success on the merits.  Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir 2002), citing Smith v. Robbins, 528 U.S. at 288, 120 S.Ct. 746, citing Jones v. Barnes, 463 U.S. 745 (1983).  Ávila-Rodríguez must satisfy both prongs of the Strickland test in order to prevail in his claim of ineffective assistance of his appellate counsel.  The burden placed on an appellate counsel is significant, and courts are reluctant to second guess tactical decisions.  Appellate counsel is expected to cull the best argument from the many non-frivolous ones, and advocate only those with merit.  Jones v. Barnes, 463 U.S. 259, 289 (1983).

In order to show successfully that appellate counsel was ineffective, Ávila-Rodríguez must demonstrate that issues ignored by counsel were clearly stronger than those which she chose to advance.  "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  Manson v. Hank, 97 F.3d 887, 893 (7th Cir. 1996).  Petitioner must also establish prejudice as a result of counsel's actions, Smith v. Robbins, 528 U.S. 259 at 288 (2000).  Ávila-Rodríguez has failed to meet this burden.  In his petition, Ávila-Rodríguez makes conclusory allegations that appellate counsel was ineffective with general complaints as to her performance.  Those allegations fall short of the burden which Petitioner must meet in order to have a viable claim of ineffective assistance of appellate counsel.  Petitioner's claim of ineffective assistance of appellate counsel is **DENIED**.

**E.   Petitioner argues that he should have been given a minimal or minor role adjustment pursuant to Amendment 794.**

Ávila-Rodríguez's final argument is not one of ineffective assistance of counsel, but rather that he did not receive a minor role adjustment pursuant to Amendment 794.[8]

---

[8] Amendment 794 of the U.S.S.G. provides that in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather that to a hypothetical average participant, and includes a non-exhaustive list of factors for the court to consider.  See U.S.S.G. Supp. App. C. Amend. 794.

Petitioner raises this argument for the first time in his 2255 motion.   Amendment 794 was in effect at the time of Ávila-Rodríguez's sentencing hearing, but Petitioner did not request a role adjustment in the offense at that time.   Counsel focused her efforts on arguing against Ávila-Rodríguez's career offender status.   In any event, the evidence does not support a minor role adjustment.

Collateral relief in a section 2255 proceeding is generally unavailable if the petitioner has previously defaulted his claim by "failing to raise the claim in a timely manner at trial or on direct appeal."   Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002).   If a petitioner's claim has been procedurally defaulted, collateral review under section 2255 will be available only if the petitioner can show (1) "cause" for having procedurally defaulted his claim; and (2) "actual prejudice" resulting from the alleged error.   United States v. Frady, 456 U.S. 152, 167-68 (1982).   Ávila-Rodríguez has shown neither, and Amendment 794 must be, and is, **DENIED**.

**Evidentiary Hearing and Discovery Request**

As part of his 2255 Petition, Ávila-Rodríguez requested an evidentiary hearing and discovery.   Petitioner has failed, however, to meet the requirements for both.

For Petitioner to prevail in his request for an evidentiary hearing, he must demonstrate, by a preponderance of the evidence, not only an entitlement to the 2255 Petition for relief, but also entitlement to an evidentiary hearing, <u>David v. United States</u>, 134 F.3d 470, 477-478 (1st Cir. 1998); <u>Reyes v. United States</u>, 421 F.Supp. 2d 426, 430 (D.P.R. 2006).  Because Petitioner has failed to carry his burden as to his 2255 Petition, he has failed as well in his request for an evidentiary hearing.  Therefore, Petitioner's request for an evidentiary hearing is **DENIED**.

As to Petitioner's request for discovery, Ávila-Rodríguez has not met the applicable standard.  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, states that "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  The information sought must be material.  It is material "when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." <u>Murray v. United States</u>, 704 F.3d 23, 30 (1st Cir. 2013), quoting <u>Smith</u>

v. Cain, 132 S.Ct. 627, (2012), which in turn quotes Cone v. Bell,
556 U.S. 449, 470, 129 S.Ct. 1769 (2009).

Ávila-Rodríguez has failed to show "good cause".  The hope
that a discovery request may unearth evidence that would establish
facts that might provide Ávila-Rodríguez some relief is not
sufficient.  "Generalized statements regarding the possibility of
the existence of discoverable material will not be enough to
establish the requisite 'good cause,'" Velázquez-Rivera v. United
States, 54 F.Supp.3d 168, 170 (D.P.R. 2014) (citing Pizzuti v.
United States, 809 F.Supp.2d 164, 175-76 (S.D.N.Y. 2011).  A habeas
proceeding is not a "fishing expedition;" rather, the petitioner
must provide the Court with a reason to believe that the discovery
he requests will allow him to demonstrate he is entitled to relief.
Donald v. Spencer, 656 F.3d 14,16 (1st Cir. 2011).  Because Ávila-
Rodríguez has failed in his endeavor, his request for discovery is
**DENIED.**

**IV.  CONCLUSION**

For the reasons stated, Petitioner Héctor Luis Ávila-
Rodríguez's Motion pursuant to 28 U.S.C. § 2255 (Civil Docket
No. 1) is **DENIED.**  Petitioner's request for an evidentiary hearing
and for discovery is also **DENIED.**  This case is **DISMISSED with
prejudice.**  Judgment shall be entered accordingly.

Civil No. 18-1872 (FAB)                                                        22

**V.   CERTIFICATE OF APPEALABILTY**

For the reasons previously stated, the Court denies Petitioner's request for relief pursuant to 28 U.S.C. section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 11, 2022.

                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              SENIOR UNITED STATES DISTRICT JUDGE